**Creadell HUBBARD, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

May 25, 1982.

Jack Emory Farley, Public Advocate, Timothy T. Riddell, Asst. Deputy Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., R. Thomas Carter, Asst. Atty. Gen., Frankfort, for respondent.

PALMORE, Chief Justice.

Creadell Hubbard appeals from a judgment sentencing him to 12 years in prison pursuant to a jury verdict finding him guilty of 3d-degree burglary (KRS 511.040), theft by unlawful taking (KRS 514.030), and being a 1st-degree persistent felony offender (KRS 532.080). In the same trial he was found not guilty of possessing a handgun in violation of KRS 527.040 (possession of handgun by convicted felon).

The case originated in the theft of an automobile from the establishment of a Buick dealer in Hopkinsville during the night of June 8–9, 1980. At about 1:30 A.M. on June 9 a police officer saw an automobile stopped on the side of the road. When he approached to investigate he saw a man get in the car and drive off. The officer gave chase, and eventually the fleeing vehicle went out of control and hit a ditch, whereupon the driver jumped out and attempted to flee. At the same time the officer saw a pistol fall out of the car. He was able to stop and arrest the driver as well as another man who had remained in the automobile. The driver proved to be the movant, Hubbard, and the car had been stolen from the Buick garage. Both the passenger, Robert Barker, and the movant identified the pistol as belonging to Barker. It was not loaded.

In due course Hubbard was indicted for burglary, theft, and possessing the handgun. He sought to have his trial on the handgun charge severed from the trial of the other charges, pointing out that he would be unnecessarily prejudiced in that as a essential element of proving the handgun charge the Commonwealth would be entitled to show a previous felony conviction which otherwise could not be introduced in chief during the guilt phase of the trial. The trial court denied the motion, he was tried on all the charges, and the Commonwealth proved during the guilt phase of the trial that in 1977 Hubbard had been convicted on two 3d-degree burglary charges.

RCr 9.16 provides that if it appears that either the Commonwealth or the defendant will be prejudiced by a joint trial of separate offenses they shall be tried separately. This case is a perfect example of when a severance should be granted. The two-stage proceeding in persistent felony-offender cases was designed for the specific purpose of obviating the prejudice that necessarily results from a jury's knowledge of previous convictions while it is weighing the guilt or innocence of a defendant on another charge. Cf. KRS 532.080(1), enacted in 1974. Such evidence is no longer relevant or competent during the guilt phase of a bifurcated trial unless, of course, it should become relevant for impeachment purposes. Here the jury acquitted Hubbard of possessing the gun, but in considering his guilt or innocence of the burglary and theft the jurors had been made aware of his previous record. Moreover, in defending himself against the handgun charge Hubbard was faced with the necessity of using Barker as a witness, which would not have been the case with respect to the other charges.

The judgment is reversed and the cause remanded to the Christian Circuit Court for a new trial.

All concur except for STEPHENSON and STERNBERG, JJ., who dissent, and for CLAYTON, J., who did not sit.

STEPHENSON, Justice, dissenting.

I am of the opinion this case should have been decided and affirmed in accordance with RCr 9.24 and 9.26. The interpretation of these rules in *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949, 952 (1969), in my view should be controlling here. "What it really boils down to is that if upon a consideration of the whole case this court does not believe there is a substantial possibility that the result would have been any different, the irregularity will be held nonprejudicial."

With the factual situation here, in my opinion there is almost a certainty that this jury or any jury would convict even without what the majority opinion concludes is unfair prejudice resulting from the joinder of the charge of possession of a gun by a felon. From a review of this record it is apparent that Hubbard does not have a defense. He did not testify here and obviously will not testify on retrial. If the jury was biased or affected by the joinder here, it is not borne out by the record. The jury was admonished as to the limited manner in which it could consider the prior felony convictions. The admonition was apparently effective. The jury found a not guilty verdict on the gun charge and only six-year sentences on the persistent felony offender charges. The penalty for second-degree persistent felony

offender convicted of a Class D felony is to enhance the penalty to the next highest degree. The penalty for a Class C felony is a minimum of five years and a maximum of ten years. KRS 532.080(5), KRS 532.060(c).

About all that will be accomplished by a new trial is the probability that Hubbard will receive a greater penalty than the one of which he complains.

I also would assess the evidence of guilt here as overwhelming and thus affirm on the authority of *Sears v. Commonwealth*, Ky., 561 S.W.2d 672 (1979), and *Jones v. Commonwealth*, Ky., 457 S.W.2d 627 (1970).

The foregoing is assuming an improper joinder. I am of the opinion the joinder was proper, but do not find it necessary to explore this.

Reversing this case for a new trial is a waste of time, accordingly I dissent.

STERNBERG, J., joins in this dissent.