Edward Leon TEAS v. STATE of Arkansas

CA CR 87-62                                    744 S.W.2d 739

Court of Appeals of Arkansas
Division II
Opinion delivered February 17, 1988
[Rehearing denied March 23, 1988.]

*A. Wayne Davis*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Edward Leon Teas appeals from his conviction of the crime of sexual abuse in the first degree for which he was sentenced to a term of eight years in the Arkansas Department of Correction. He contends that the evidence was insufficient as a matter of law to support the conviction, and that the trial court erred in refusing to permit evidence for the purposes of impeachment of hearsay statements and in denying the appellant the opportunity to establish bias on the part of a witness. We find no error and affirm.

As required by *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), this court will review a challenge to the sufficiency of the evidence prior to considering any other alleged trial errors. In deciding that issue, we review the evidence presented at trial in the light most favorable to the State and will reverse only if the verdict is not supported by substantial evidence.

Arkansas Statutes Annotated § 41-1808 (Repl. 1977) defines sexual abuse in pertinent part as a person being eighteen years or older engaging in sexual contact with a person not his spouse who is less than fourteen years of age. Sexual contact is defined as any act of sexual gratification involving the touching, directly or through the clothing, of the sex organs, buttocks, anus of a person, or the breast of a female. Ark. Stat. Ann. § 41-1801(8) (Supp. 1985).

The evidence viewed in the light most favorable to the State would establish that the victim was an eleven-year-old female and

the appellant was a forty-one-year-old male. The victim testified that the appellant was her mother's boyfriend and from time to time lived in the same dwelling with them. The minor was alone with him many times when her mother was at work. She stated that he had on a number of occasions taken off her clothes and tried to insert his penis into her vagina. She denied that he had ever penetrated her but stated that on many occasions he had gotten on top of her when neither had on any clothes and pushed on her vagina with his penis. She stated that he had also touched and squeezed her breasts. We conclude that this is substantial evidence to support a finding that for the purpose of sexual gratification appellant had touched this victim's sexual organs and breasts as prohibited by § 41-1808.

The victim testified that the acts of sexual abuse occurred on those occasions when appellant was babysitting her while her mother was at work. On cross-examination, she was asked if the appellant ever brought other women to the apartment when her mother was away and forced the victim to watch him engage in sexual acts with them. She denied that he did or that she had ever stated to anyone that he did so. Without objection, the appellant called the victim's mother and elicited from her that the child had made such a statement to her on a previous occasion. The social worker was also called to testify that the the victim's mother had stated to her that the child had made such a statement. For the purpose of eliciting testimony that the events mentioned in the child's prior statement had never occurred, the appellant then attempted to call to the stand the woman alleged to have been mentioned and identified in the prior statement as the person observed in the apartment. The appellant contends the trial court erred in excluding that testimony as further impeachment of the victim's credibility. We do not agree.

Our rules of evidence provide the methods by which the credibility of a witness may be impeached. Rule 608 provides that one may be impeached by opinion or reputation evidence as to character for truthfulness or cross-examined about specific instances of conduct which bear on that issue. Rule 609 permits impeachment by evidence of prior convictions of a felony or other crimes involving dishonesty. Rule 613 provides the conditions under which extrinsic evidence of prior inconsistent statements of a witness may be introduced for purposes of impeachment. Rule

806 governs impeachment of the credibility of the declarant of an out-of-court statement which is admitted through another witness as an exception to the hearsay rule.

None of these rules, however, permit impeachment by extrinsic evidence on a collateral matter. It is well settled that, when a witness is cross-examined on a matter collateral to the issue being tried, his answer cannot be contradicted by the party putting the question. This rule applies only to questions put on cross-examination and does not apply to answers to questions asked on direct examination. The test in determining whether the issue is a collateral one is whether the cross-examining party is entitled to prove the issue as part of his case. *Garst* v. *Cullum*, 291 Ark. 512, 726 S.W.2d 271 (1987); *James* v. *State*, 11 Ark. App. 1, 665 S.W.2d 883 (1984); *Vanderpool* v. *State*, 4 Ark. App. 93, 628 S.W.2d 576 (1982). The issue here was whether the appellant had sexually abused the victim by sexual contact as defined in our statutes. Whether he forced this child to watch him participate in other illicit acts is entirely collateral to the issues of this case.

Appellant presents the novel argument that, since he elicited the testimony of the victim's mother concerning the victim's prior inconsistent statement on direct examination, the rule cited in *Garst* has no application. He contends that he should have been allowed under Rule 806 to prove that the victim's prior statement was false. Rule 806 provides as follows:

> Attacking and supporting credibility of declarant.—If a *hearsay statement*, or a statement defined in Rule 801(2) (iii), (iv), or (v), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with his hearsay statement, is not subject to any requirement that he may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine him on the statement as if under cross-examination. [Emphasis added.]

While we do not agree that this rule has any application

to this case for several reasons, we think it sufficient to say that the rule provides for attacking the credibility of a declarant only where hearsay statements are admitted under exceptions to the hearsay rule. "Hearsay" is defined as a statement, other than one made by the declarant while testifying at trial, offered to prove the truth of the matter asserted. Ark. R. Evid. 801(c). The question put to the victim's mother was not intended to prove the truth of the child's prior assertion but only that the prior statement had in fact been made. It was not a hearsay statement and Rule 806 could have no application.

During the direct examination of a defense witness, counsel asked the witness if he had ever seen the victim's mother angry at the appellant. The witness answered that he had. He was then asked, "What was she wanting to do to Leon?" The court excluded the testimony on the State's hearsay objection. The appellant argues that the trial court erred because he was not offering the statement to prove the truth of the matter asserted but to prove bias on the part of the victim's mother.

Our courts have stressed the importance of allowing wide latitude with respect to the admission of evidence relevant to the bias of the witness. *See Simpson* v. *State*, 274 Ark. 188, 623 S.W.2d 200 (1981). Here, however, the appellant stated only that he was offering the evidence to prove bias and made no proffer of any evidence or other statement to indicate what he expected the witness to state. Where an appealing party asserts as error the refusal of the court to hear testimony of a witness, the record must disclose the substance of the offered testimony so the court may determine whether or not its rejection was prejudicial. The failure to proffer evidence so that the appellate court can make that determination precludes review of the issue on appeal. *Jackson* v. *State*, 284 Ark. 478, 683 S.W.2d 606 (1985); *Willett* v. *State*, 18 Ark. App. 125, 712 S.W.2d 925 (1986); Ark. R. Evid. 103(a)(2).

Affirmed.

CORBIN and MAYFIELD, JJ., agree.