Danny McEWEN *v.* STATE of Arkansas

CR 89-231A                                      790 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered June 11, 1990

*Mona Mizell*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. Appellant Danny McEwen was found guilty by a jury in a bifurcated trial of aggravated robbery and the offense of felon in possession of a firearm. He was sentenced as an habitual offender to consecutive terms of impris-

onment of twenty-five and six years. He was also found guilty of misdemeanor theft and sentenced to one year imprisonment which merged with the felony terms. Appellant brings this appeal.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a *pro se* brief within thirty days. *See* Rules of the Supreme Court and Court of Appeals, Rule 11(h). He did not file a brief. The State concurs that the appeal has no merit.

On the afternoon of January 14, 1989, two young black men, one of whom was armed with a gun, robbed Evelyn Simpson, the clerk of the Charles Liquor Store in Marked Tree, of approximately $200.00 in cash. On March 25, 1989, the appellant and Calvin Smith were arrested and charged with the crime.

Evelyn Simpson readily identified appellant and Smith from a photospread made up of eight photographs of young black men with similar physical characteristics. Dorothy Franklin, a Marked Tree resident, also identified appellant and Smith from the photo spread as being the two men who paid her to drive them from Marked Tree to Earle on the evening of the robbery.

Appellant objected at trial to the introduction of evidence resulting from the photo identification on the ground that it was obtained by police tactics which suggested who the suspects were. He further objected to the in-court identification on the ground that it was tainted by the suggestive photo spread.[1] The officers who conducted the photo spread testified that no suggestions were made to the witnesses as to whom to choose and that both Simpson and Franklin readily picked appellant from the photographs. Simpson testified that she based her identification of

---

[1] When appellant failed to appear for a hearing on the issue of whether the evidence obtained from the photo spread should be suppressed, counsel for appellant did not pursue the motion to suppress because appellant was absent, but the court heard argument by Simpson's attorney on the question and concluded that the evidence was admissible against both the defendants. As there was no objection by counsel for appellant on the ground that the hearing should not have been held in appellant's absence, the issue of whether he had a right to demand to be present at the pretrial hearing is not before us. *Bell* v. *State*, 296 Ark. 458, 757 S.W.2d 937 (1988).

appellant on her observations during the robbery. Franklin testified she knew appellant before she gave him a ride to Earle on the date of the robbery and that her identification of him was certain.

Among the factors to be considered in assessing the reliability of an in-court identification are: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the victim's degree of attention; (3) the accuracy of the victim's prior description of the criminal; (4) a level of certainty demonstrated by the victim at the confrontation; and (5) the length of time between the crime and the confrontation. *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981). An in-court identification can be held inadmissible as a matter of law only if, after viewing the totality of the circumstances, it can be said that the identification was patently unreliable. *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982).

■ The victim in this case viewed her assailants face-to-face for several minutes in good light. She testified that she paid close attention to appellant who was holding the gun. She testified further that she also had an opportunity to observe the men shortly before the robbery when they came in the liquor store and asked for matches. She correctly described their physical appearance and clothing. About three months elapsed between the date of the robbery and her identification of appellant in the photo spread, a span of time which is not so great that a witness's identification would be likely to be unreliable. The witness was positive of the identification when she saw appellant in the photo spread and also when she identified him in court. Based on the totality of the circumstances in this case, we find the certainty of identification to be overwhelming.

■ The trial court declined appellant's request that the felon in possession of a firearm charge be severed from the aggravated robbery charge. There was no error. A defendant has a right to a severance whenever two or more offenses have been joined solely on the ground that they are of the same or similar character. Arkansas Rules of Criminal Procedure 22.2; *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). Otherwise, granting or refusing a severance is within the discretion of the trial court. Arkansas Rules of Criminal Procedure 22.2(b)(i); *Henry*

v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983). In the present case, it was alleged that appellant used a gun to rob the liquor store. It was the gun used in the robbery which resulted in the felon in possession of a firearm charge. If the offenses had been severed, it would have required two trials and the state would have had to call some of the same witnesses to testify to the same facts. In light of this, the court did not abuse its discretion by refusing to sever the offenses.

■ Appellant also objected to the introduction of evidence about his prior felony conviction on the ground that it would be unduly prejudicial. The introduction of the evidence, however, was clearly designated as being for the purposes of deciding appellant's guilt or innocence on the felon in possession charge.

■ Appellant further asked that proof of his prior convictions not be brought out by the state if he chose to testify. The motion was denied. As the state had the right under Rule 609 of the Uniform Rules of Evidence to impeach appellant's credibility with prior convictions if he took the stand, there was no merit to the argument. *Robinson* v. *State*, 295 Ark. 693, 751 S.W.2d 335 (1988).

■ The appellant objected to introduction into evidence of photographs of a Lincoln automobile which the state contended was intended to be used as a getaway car had the appellant and his co-defendant not misplaced the keys. We find no reversible error. There was testimony that the Lincoln was parked near the liquor store on the day of the robbery and that Dorothy Franklin was requested by the defendants to stop at the Lincoln as she was driving them out of Marked Tree. Although the evidence that the Lincoln was intended to be used in the robbery was not conclusive, appellant stated no ground on which the evidence was inadmissible.

■ Appellant, who was charged with misdemeanor theft of property in the form of $200.00 cash, moved for a mistrial when a witness testified that $209.00 in cash had been stolen. The objection was based on the ground that an amount in excess of $200.00 constituted a felony charge. The trial court agreed to instruct the jury on misdemeanor theft. Since the jury was instructed during the sentencing phase of the trial on the sentencing range for misdemeanor theft, there was no prejudice

to appellant and no ground to grant a mistrial.

■ Finally, appellant moved for a directed verdict. A directed verdict is given in cases only where no issue of fact exists. *Lum* v. *State*, 281 Ark. 495, 665 S.W.2d 265 (1984). The testimony of the victim clearly created an issue of fact for the jury to resolve.

From a review of the record and objections raised at trial as discussed in the briefs before this court, we find the appeal to be wholly without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.