Leffel BROWN *v.* STATE of Arkansas

CR 90-150                                                    800 S.W.2d 424

Supreme Court of Arkansas
Opinion delivered December 10, 1990

*James R. Marschewski*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant seeks relief in this court from the trial court's refusal to sever two counts of aggravated robbery for separate trials.

On December 28, 1988, appellant Leffel Brown was charged by information with two counts of attempted capital murder and two counts of aggravated robbery occurring on December 23, 1988. Appellant was also charged with being an habitual of-

fender. Appellant moved to sever the charges and the state agreed to a severance of the two attempted capital murder charges but opposed trying the two aggravated robbery charges separately. The court denied the motion as to the robberies.

At trial, the jury found appellant guilty of one of the robberies but could not reach a verdict on the other. After hearing evidence of prior convictions, the jury imposed a sentence of sixty years and appellant appeals from the judgment of conviction.

■ The applicable rule is A.R.Cr.P. Rule 22.2, Severance of Offenses:

(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

(b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (1), shall grant a severance of offenses:

(i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

(ii) if during trial, upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

Under the rule, a defendant has a right to a severance when two or more offenses have been joined solely on the ground that they are of the same or similar character. Otherwise, granting or refusing a severance is within the discretion of the trial court. *McEwen* v. *State*, 302 Ark. 454, 790 S.W.2d 432 (1990).

The question is, were the two robberies joined solely because they were of the same character, or were they part of a single scheme or plan so as to justify denial of the severance request. We will uphold the trial court if we find these offenses are part of a single scheme or plan, or if both offenses require the same evidence. *Jones* v. *State*, 282 Ark. 56, 665 S.W.2d 876 (1984). Here, the denial of severance can be sustained on multiple grounds.

We addressed the issue of a single scheme or plan in *Ruiz & Van Denton* v. *State*, 273 Ark. 94, 617 S.W.2d 6 (1981), where a defendants' motion to sever two capital murder charges was denied. The defendants had kidnapped three individuals, murdered one of them and attempted to murder a second and left those two in the trunk of a car. The third individual was murdered thirteen to fourteen hours later and left in a wooded area in another county. That opinion states:

> They argue that the offenses are not part of a single scheme or plan. That assertion is debatable, but whether they were part of a single plan or simply random, disconnected crimes is beside the point, because they constitute one criminal episode and when a series of acts are connected that is enough to give the state a right to join them in a single information. Rule 21.1. . . .

> Rule 22.2, which appellants cite, gives an absolute right of severance when the offenses have been joined *solely* on the ground that they are of the same or similar character. Here, the offenses cannot be said to have been joined solely on that ground for reasons we have stated.

Similar arguments were presented and rejected in *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). Parker murdered two members of his ex-wife's family at their home, and attempted murder of a third. Later that day he kidnapped his ex-wife and shot a police officer. We held the trial court did not èrr in denying the defendant's motion to sever two counts of capital felony murder from two counts of attempted first degree murder, two counts of burglary, one count of kidnapping and one count of attempted capital murder.

In this case both robberies were of convenience stores located in Fort Smith, and were closely related in time—the first occurring about 11:20 p.m. and the second thirty minutes later. This proximity in time and place provides an ample base for denial of severance under our interpretation of Rule 22.2 in *Ruiz, supra*, and later cases.

Additionally, some of the state's proof was pertinent to both robberies—the officer who stopped appellant after the second robbery was reacting in part to a radio broadcast alerting the

police to watch for the perpetrators of the first robbery. In order for the officer to explain why appellant was stopped it was necessary to prove the earlier robbery.

Finding no error, we affirm the judgment.