Charles W. FERRELL *v.* STATE of Arkansas

CR 90-205                                          810 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered May 20, 1991
[Rehearing denied June 17, 1991.]

512

*Charles A. Potter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Sr. Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case comes to us following the conviction of the appellant Charles Ferrell for first degree murder and for felon in possession of a firearm. The jury, after hearing evidence of two prior felony convictions, assessed seventy-five years on the murder charge and twelve years on firearm possession, to run consecutively, plus a fine of $10,000. The trial judge entered judgment pursuant to the jury verdict.

The appellant now raises multiple issues for reversal. Finding no error or abuse of discretion by the trial court, we affirm the judgment.

The essential facts are these. At about three o'clock in the morning on March 3, 1989, outside a nightclub in Texarkana, Arkansas, called Mother's Club, the appellant shot and killed the victim, Michael Hart. Immediately prior to the shooting, the appellant had been arguing with a girlfriend of his, Debbie Bellew. The victim tried to intervene and strong words were exchanged. Bellew left the argument. After she did so, the victim also began to leave when the appellant said, "Hey, M.F., you don't think I will?" He added, "I'm serious." He then pulled a pistol and shot the victim in the side of his head. The gunshot wound was a contact wound, according to the medical examiner. After the shooting, the appellant left the premises and later that morning surrendered to the authorities. The appellant testified at trial that he did not make those statements and that he meant to pistol-whip the victim when his gun discharged accidentally. He further testified as part of his self-defense contention that he

thought the victim had a knife.

Prior to the killing, but that same night, Bellew had been with the victim "shooting up dope." She testified that the victim had injected methamphetamine into his arm and had asked her to sell packets of the drug for him. Bellew was subsequently arrested and convicted for selling drugs in an incident unrelated to this case and at the time of the trial was incarcerated in the state penitentiary.

### Severance

The appellant first argues that the trial judge abused his discretion in failing to sever the murder count from the firearm/felon count for trial purposes. The appellant moved for severance prior to trial on the basis that he had previously been convicted of two felonies: shooting into a habitation and escape from the county farm. He argued that proof of shooting into a habitation, while necessary to prove the firearm count, would unduly prejudice his murder trial.

■ The rule governing severance states:

Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

A.R.Cr.P. Rule 22.2(a). We have said that under this rule a defendant has a right to severance when two or more offenses have been joined solely on the ground that they are of the same or similar character. *See Brown v. State*, 304 Ark. 98, 800 S.W.2d 424 (1990). A severance motion will be denied if the two offenses were part of a single scheme or plan or if both offenses require the same evidence. *Id.* Otherwise, granting or refusing a severance is within the discretion of the trial court. *Id.* The decision by the trial judge will not be disturbed absent an abuse of discretion. *See Ruiz v. State*, 273 Ark. 94, 617 S.W.2d 6 (1981).

The firearm/felon statute under which the appellant was charged states that no person shall possess or own a firearm who has been convicted of a felony. Ark. Code Ann. § 5-73-103 (Supp. 1989). Two elements of proof are necessary for a conviction under

this statute: possession or ownership of a firearm and prior conviction of a felony. While possession or ownership of a pistol certainly is a common element with murder perpetrated by means of a firearm, such as we have in this case, conviction of a prior felony has nothing to do with the elements of proof required for first degree murder. Moreover, the presentation of a prior conviction to the jury which is required for a firearm/felon conviction runs the risk of prejudicing the trial of the joined offense, at least to some degree.

At trial the state introduced without further comment a copy of the appellant's California conviction for shooting into a habitation. The appellant had been sentenced to three years probation with nine months to serve. The appellant did ask for a cautionary instruction limiting the evidence of the prior conviction to the firearm count and not the murder count. The trial judge gave that instruction at the end of the trial. It also bears mention that the appellant testified at the trial. On cross-examination the state sought to impeach him by reference to the two prior convictions, shooting into a habitation and escape, under A.R.E. Rule 609. Thus the California shooting conviction was brought to the attention of the jury a second time in the context of impeachment.

The trial judge erred initially in refusing to sever the firearm/felon count from the murder count for trial. An offense based in part on a prior conviction is not "part of a single scheme or plan" with first degree murder, as Rule 22.2(a) requires. And the two offenses do not require the same evidence, which we cited in *Brown* v. *State*, *supra*, as an alternative reason for upholding the trial judge's decision to deny severance.

Nevertheless, as the trial progressed in this case, any prejudice to the appellant's first degree murder trial resulting from the joinder was significantly reduced. The evidence of murder against the appellant, with three eye witnesses testifying, was overwhelming. Moreover, the appellant voluntarily took the stand, at which time the same California conviction was brought out on cross-examination. This might suggest that the appellant was compelled to take the stand after his firearm/felon conviction was introduced which he had not intended to do. But there was at least one other consideration which would just as easily have led

to his testimony. The appellant had raised accidental discharge and self-defense as defense, and he needed to explain them. Prejudice due to his past record could not have been a primary concern to the appellant, since by taking the stand he subjected himself to impeachment for a second felony conviction — escape. We note further that the appellant did not argue the issue of compelled testimony to the trial court or in this appeal.

Two other circumstances minimize the prejudice. A curative instruction was given by the trial judge limiting the jury's consideration of the prior shooting conviction to the firearm/felon count. And the appellant did not attempt to stipulate to a prior conviction or otherwise move to eliminate reference to the specific California offense.

Previous cases by the Arkansas Court of Appeals have held that a trial judge's refusal to sever a firearm/felon offense from a second offense does not constitute an abuse of discretion. *See Rubio* v. *State*, 18 Ark. App. 277, 715 S.W.2d 214 (1986) (sale of cocaine as second offense); *Parker* v. *State*, 18 Ark. App. 252, 715 S.W.2d 210 (1986) (burglary and theft as second offenses). The rationale given for those decisions was judicial economy, because severance would require two trials with overlapping facts and witnesses. This court, however, has not squarely dealt with the issue, although it was raised in a 1984 case. *See Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). Due to mootness because the appellant had served his sentence and a dissenting opinion, a majority of this court did not affirm joinder of a firearm/felon offense with a second offense for trial. The *Guy* case, as a plurality decision, is not binding precedent and in order to eliminate any suggestion that it is, we overrule it.

■■ We hold today that the denial of the motion to sever was error under Rule 22.2(a). Because the decisions of *Rubio* v. *State*, *supra*, and *Parker* v. *State*, *supra*, run directly counter to this holding, we overrule them. We further hold that any prejudice resulting from the refusal to sever was rendered harmless by the circumstances of this case and particularly by the fact that a curative instruction was given, the appellant voluntarily took the stand where his prior California conviction was brought out on cross-examination, and no further objection was made by the defense counsel that the appellant was in any way

compelled to testify by introduction of the California conviction.

## Directed Verdict

■ The appellant argues that the trial judge erred in refusing to grant his motion for a directed verdict. The record reveals, however, that although the appellant made his motion at the end of the state's case, he failed to do so at the conclusion of all the evidence. He therefore waived his right to have sufficiency of the evidence considered on appeal. *See* A.R.Cr.P. Rule 36.21(b); *Remeta* v. *State*, 300 Ark. 92, 777 S.W.2d 833 (1989).

## Drug Offenses of the Victim

The appellant advances a contention of further abuse of discretion in the trial court's refusal to allow the testimony of a defense witness that the victim injected methamphetamine into his arm the night he was killed and further that he solicited the witness to sell drugs for him.

Debbie Bellew testified to the victim's drug use and solicitation to sell before the second witness was proffered by the defense. Since this evidence had been presented to the jury through Bellew's testimony, we reject the argument that the exclusion of a second witness's testimony along the same lines prejudiced the appellant. Moreover, the relevancy of this testimony was highly questionable, as the trial judge aptly pointed out.

■ We have reaffirmed recently that the exclusion of certain testimony cannot be considered prejudicial where the evidence was introduced by another witness. *See Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). Here, the trial judge did not abuse his discretion in disallowing the testimony of the second witness.

## Impeachment of Defense Witnesses

The appellant cites two instances in which the state impeached defense witnesses through its own rebuttal witnesses on what the appellant contends were collateral matters.

The first concerned the testimony of Debbie Bellew, who testified for the defense. She denied that she had said that she would never "turn snitch" against the appellant in the presence of a deputy sheriff. The state called the deputy sheriff as a rebuttal

witness to impeach Debbie's testimony and to show bias on her part. The deputy sheriff recalled that Bellew said she would not testify for the state against anyone.

█ █ The appellant raised a hearsay objection below but did not object on grounds of improper impeachment due to a collateral matter. The appellant now raises that objection. We have held that an appellant may not change his grounds for objection on appeal. *See Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989). In addition, we have held that facts that show bias are not collateral. *See Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988). We find no merit in the appellant's argument.

Nor do we agree with the appellant on his second impeachment issue for essentially the same reason — the appellant has changed his argument on appeal. The appellant testified that he did not own firearms other than hunting rifles. A police detective was called as a rebuttal witness for the state and testified that he found a pistol in the appellant's truck. The appellant did object to this testimony, but did so on the basis of a pre-trial stipulation and ruling by the trial judge. At no time at trial did he object on grounds of impeachment of a collateral issue. Indeed, he asked the trial judge to admonish the jury that the pistol was introduced solely for impeachment purposes. He is, therefore, foreclosed from raising the collateral matter objection for the first time on appeal. *See Shaw* v. *State*, *supra.*

The appellant raises a third impeachment issue over the cross-examination of a police detective, Richard Ates, who was called as a defense witness and was cross-examined on the background of a potential defense witness, David Langley. The state was led to believe that Langley would testify about a knife found at the crime scene. On cross-examination the prosecutor asked Ates about Langley's past criminal record and use of aliases. As it happened, Langley was never called as a witness by the defense. Before Ates's testimony, a defense witness had also been asked about Langley, and he testified to Langley's use of aliases and criminal record, without objection from the defense.

█ We find no prejudice arising from the cross-examination of Ates, primarily because the questions objected to by the appellant as collateral matters had already been answered on

cross-examination of a previous defense witness without objection. The appellant did not object at his first opportunity to do so. Failure to object to a matter at first opportunity waives any right to raise the point on appeal. *See Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985).

### Expert Witness

The last issue raised concerns the testimony of Ron Hoehn about firearms and the introduction of a .25 caliber pistol as demonstrative evidence. The murder weapon was a .22 caliber pistol, but the appellant testified that he had discarded it. Hoehn testified that he had owned a sporting goods business for a year which sold .22 caliber and .25 caliber semi-automatic pistols. Before that he had served five years in the Marine Corps where he acted as a marksmanship instructor for three years. He further testified that he had been "qualified" on several firearms while in the Corps and was familiar with the F.I.E. .22 caliber and .25 caliber semi-automatic pistols. He had no specialized training in F.I.E. firearms, but considered himself an expert on the technical aspects of the two pistols. He later testified that he was not an expert on F.I.E. firearms. He did testify that he had fired both pistols on several occasions and the only difference between them was a minute difference in the diameter of the barrel.

The state did not move to qualify Hoehn as an expert, and the trial judge did not recognize him as such but allowed his testimony over objections by the appellant. The state advised the court that Hoehn was testifying to lay the foundation for the introduction into evidence of the .25 caliber pistol so the jury could have some understanding of the weapon involved and could decide whether the weapon caused the abrasions on the victim's face. The trial court overruled the appellant's objections and admitted the pistol into evidence for demonstrative purposes only and not as the actual murder weapon. Hoehn proceeded to testify that with the safety on, the pistol could not accidentally fire.

The question raised on appeal is whether the trial judge abused his discretion in permitting Hoehn to testify and in receiving the .25 caliber pistol into evidence. We note that the trial judge did not specifically recognize Hoehn as a firearms expert. But we further note that Hoehn had extensive experience with weapons, including small firearms, and considered himself

an expert on the technical aspects of the pistols. In light of his technical knowledge and experience, Hoehn could have qualified as an expert with specialized knowledge to assist the jury in determining a fact in issue under A.R.E. Rule 702 or as a lay witness whose opinion was helpful in the determination of a fact issue under A.R.E. Rule 701. Under either rule Hoehn's testimony on the two pistols was admissible, and we find no abuse of discretion.

Nor do we find grounds for reversal in the admission of the .25 caliber pistol into evidence for demonstrative purposes. We first observe that the decision to admit physical evidence is discretionary with the trial court and will be upheld, absent abuse of discretion. *See Rasmussen* v. *State*, 277 Ark. 238, 641 S.W.2d 699 (1982). Here, the testimony was clear that the pistol was introduced to demonstrate a point — not as the actual weapon used in the crime. And Hoehn's testimony laid a sufficient foundation for the admissibility of the pistol, when he emphasized that single action semi-automatic pistols are basically the same, the only difference being the .22 caliber has a barrel of .221 inches in diameter while the .25 caliber has a diameter of .252 inches. That difference is clearly slight and cannot be readily discerned by casual observation. The trial judge was, therefore, correct in his ruling.

Affirmed.