Ripple Wayne SUTTON *v.* STATE of Arkansas

CR 92-347

844 S.W.2d 350

Supreme Court of Arkansas
Opinion delivered January 11, 1993

436

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Ripple Wayne Sutton, raises numerous issues on appeal. One of these issues has merit — the circuit court's failure to sever the charge for a felon in possession of a weapon for trial purposes. We reverse on that point and remand for a new trial.

On August 13, 1990, Lyle Boliou was murdered. His body was found in a pickup truck parked by an offshoot of the St. Francis River near Paragould. He had three gunshot wounds to the back of the head. On December 10, 1990, Sutton was arrested on a felon/firearm charge, the firearm being a .22 caliber pistol. Sutton had been convicted of grand larceny in 1974. Six months later, on May 6, 1991, he was arrested for the murder of Boliou

and subsequently charged with first-degree murder. At the time, Kathy Riggsbee, who was an eyewitness to the shooting and who had been charged with hindering the apprehension of Sutton, was also under suspicion as an accomplice to the murder. She told investigating authorities that Sutton was the culprit.

The two charges, felon/firearm and first-degree murder, were then consolidated for trial. On August 19, 1991, which was a week before trial, Sutton orally moved the trial court to sever the two charges so that the murder charge could be tried first. Sutton's counsel advised the court that he would be filing a written motion before trial. He did so on the day of the trial, August 26, 1991, and the motion was denied. The court's stated reason for denying the motion was that the two offenses joined were part of a single scheme and plan, which eliminated grounds for severance under Ark. R. Crim. P. 22.2(a). Sutton further moved in limine to exclude cross-examination on his felony conviction because it was more than ten years old. That motion, too, was denied.

The trial took place over three days. A certified copy of Sutton's 1974 conviction for grand larceny was introduced as part of the state's case-in-chief. No additional objection was made to the felony conviction at time of introduction. At the end of the trial, the jury was instructed that the conviction could only be considered for credibility purposes. Sutton was convicted on both charges and sentenced to life imprisonment on the murder charge and six years on the weapon charge, with the sentences to be served consecutively.

## I. JOINDER OF THE FELON/FIREARM CHARGE

In the last year and a half, we have examined the prejudicial impact that occurs when a felon/firearm charge is combined with a murder charge for trial on two occasions. *Sullinger v. State*, 310 Ark. 690, 840 S.W.2d 797 (1992); *Ferrell v. State*, 305 Ark. 511, 810 S.W.2d 297 (1991). In each instance, we affirmed the conviction and judgment, though we held that the trial court had erred in failing to sever the charges for trial. We did so, based on what amounted to a harmless error analysis. Though there was error, we held that the error was not prejudicial to the defendant because of the existence of one or more overriding factors, including: (1) the overwhelming evidence of guilt; (2) cross-

examination of the defendant on the prior conviction; and (3) a limiting instruction to the jury.

In both *Sullinger* and *Ferrell*, we scrutinized the circumstances of the case in light of these factors and concluded that the joinder error was harmless, primarily due to overwhelming evidence of guilt and the fact that the defendant would have taken the stand in any event and been cross-examined about his felony conviction.

The state now urges us either to affirm Sutton's conviction using the *Sullinger* and *Ferrell* analysis or on the basis of *McEwen v. State*, 302 Ark. 454, 790 S.W.2d 432 (1990). In *McEwen*, a felon/firearm charge and aggravated robbery charge were tried together and convictions for both resulted. Prejudice was argued on appeal due to the joinder, and we rejected the argument on the basis that severance was a matter discretionary with the trial judge. We noted that the judge's discretion was not abused by the ruling in *McEwen* because it was premised on the fact that the same gun was used in both offenses and that severance would have meant two trials and a duplicative effort. We also observed in that case that the prior felony conviction could have been brought out on cross-examination and, thus, no prejudice resulted from the joinder.

We first consider in the case at hand whether Sutton's motion to sever the murder and felon/firearm charges and his motion in limine to exclude the prior felony conviction preserved the issue for appeal without a further objection made at trial. We have held that raising an objection by pretrial motion without a corollary objection at trial is sufficient to preserve the issue for appeal, but failure to object at trial precludes the party from relying on anything disclosed at trial which was not brought out at the pretrial hearing. *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980), *cert. denied* 450 U.S. 1043 (1981) (pre-trial motion to suppress lineup identification which was denied preserved the issue without additional objection at trial); *see also Ward v. State*, 272 Ark. 99, 612 S.W.2d 118 (1981) (when a motion in limine is overruled, no further objection is needed). Here, Sutton moved to sever the charges and moved in limine on the prior conviction. Under these circumstances, an additional objection to the felony conviction at trial was not necessary.

In examining the approach taken to the joinder issue in other jurisdictions, we observe a wide range of solutions. Some jurisdictions have balanced judicial efficiency against prejudice to the defendant and denial of a fair trial under the Due Process Clause and held in favor of severance. *See, e.g., State* v. *Cook*, 673 S.W.2d 469 (Mo. App. 1984). The District of Columbia Court of Appeals, while noting that joinder may not always be an abuse of discretion, has held that a high level of care is necessary to avoid prejudice when a felon/firearm charge is joined for trial. *U.S.* v. *Dockery*, 955 F.2d 50 (D.C. Cir. 1992); *but see United States* v. *Daniels*, 770 F.2d 1111 (D.C. Cir. 1985) (district court did not abuse its discretion in denying severance). The D.C. Circuit in *Dockery* stated:

> The primary concern is that prior crimes evidence "weigh[s] too much with the jury and . . . ' overpersuade[s] them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."

955 F.2d at 53; *quoting Michelson* v. *United States*, 335 U.S. 469, 476 (1948). The D.C. Circuit concluded that the defendant was prejudiced and looked to factors such as the government's refusal to admit the prior conviction by stipulation rather than proof and the absence of a cautionary instruction on inferences to be drawn from the conviction as reasons for reversal.

The Ninth Circuit Court of Appeals had held in a case where evidence was sparse on the primary charge of murder and a cautionary instruction on the prior felony was not given until the end of a three-day trial that the defendant was manifestly prejudiced. *United States* v. *Lewis*, 787 F.2d 1318 (9th Cir. 1986). Though the Ninth Circuit did not dwell on this point, the defendant also did not take the stand; thus, the prior felony would not have been otherwise admissible.

Similarly, the Kentucky Supreme Court has held that failure of the trial court to sever a felon/firearm charge for trial was prejudicial error. *Hubbard* v. *Commonwealth*, 633 S.W.2d 67 (Ky. 1982). In a dissenting opinion, it was noted that the defendant had not testified at trial. He was, therefore, not subject to cross-examination on his felony record.

Other state appellate courts have also held that prejudice results from joinder and introduction of a felony record at trial where otherwise the felony conviction would have been inadmissible. *See, e.g., Elerson* v. *State*, 732 P.2d 192 (Alaska App. 1987). In addition, the Georgia Court of Appeals, though it did not reach the merits due to the appellant's assertion of a new ground attacking joinder on appeal, observed that a felon/firearm offense is not an included offense of armed robbery and may be an existing offense before and after the commission of armed robbery. *Coleman* v. *State*, 163 Ga. App. 173, 293 S.E.2d 395 (1982).

It is clear from this authority that foreign jurisdictions have engaged in the same analysis as we have in assessing prejudicial error in these cases. Turning to the merits in the case before us, the evidence for conviction is much weaker than the evidence presented by the state in either *Sullinger* or *Ferrell*. The eyewitness testimony is from a witness, Kathy Riggsbee, who was under suspicion as an accomplice and who was charged with hindering apprehension. Moreover, the prior conviction sustaining the felon/firearm charge — grand larceny — was more than ten years old and could not have been used for impeachment purposes under Ark. R. Evid. 609(b).

Where a felon/firearm charge is tried with a second felony, the jury is confronted at the opening of the trial with the stark and highly significant fact that the defendant is a convicted felon. The felon/firearm charge generally has no relevance to the second charge being tried and serves only to sully the defendant in the minds of the jurors. In the present case, the previous conviction occurred in 1974 and was for grand larceny. It had no probative value in Sutton's trial for the murder of Lyle Boliou. At the end of the trial, the jury was instructed that a prior conviction could only be used to assess credibility and not as evidence against the accused. However, we are of the opinion that this general instruction did little, if anything, to offset the effect of the criminal record.

The state argues that Sutton, in fact, did commit the felon/ firearm offense at the same time he purportedly shot Boliou on August 13, 1990. In other words, he was a convicted felon illegally in possession of a firearm at that moment. Hence, so the

argument continues, the two offenses were part of a single scheme or plan under Ark. R. Crim. P. 22.2(a) at the time the trigger was pulled. We are mindful that at least one other jurisdiction had adopted this point of view. *See State* v. *Illig*, 237 Neb. 598, 467 N.W.2d 375 (1992). However, we are not convinced by this argument for two reasons. First, the prejudice caused by evidence of a prior conviction in the state's case is great. Secondly, we do not believe that an ongoing violation of a felon's possession of a firearm should be telescoped into one moment in time in order to enhance the prosecutor's case on a second, more serious charge.

We are disinclined, as are other jurisdictions, to conclude that joinder of a felon/firearm charge with a second felony charge constitutes prejudice by that fact alone in all instances. *See, e.g., United States* v. *Daniels, supra.* However, we agree with the Ninth Circuit Court of Appeals "that the danger that the jury's perception of the defendant will be adversely affected is so strong as to create a presumption favoring severance." 787 F.2d at 1322.

Further, we do not believe that the circumstances in this case are sufficient to overcome that presumption of prejudice. The evidence of guilt was weak, and the prior felony was inadmissible for purposes of impeachment. In addition, the error was not cured by the instruction on the prior conviction and credibility at the end of the trial. Sutton, accordingly, was prejudiced by the joinder and is entitled to a new trial.

We, therefore, hold that the trial of the felon/firearm charge with the murder charge was prejudicial error and that the circuit court abused its discretion in denying the motion to sever. Because *McEwen* v. *State, supra*, is inconsistent with our holding in this case, we overrule it.

Sutton makes numerous other assertions of error, and we address those that may arise on retrial.

## II. IMPEACHMENT

Kathy Riggsbee testified that Boliou was killed during the day. Lieutenant Sam Poe of the Greene County Sheriff's Department testified that he was never able to ascertain the Boliou was seen alive at 9:00 p.m. on the day of the murder. Sutton claims that had he been able to pursue cross-examination of Lieutenant Poe about his conversation with a waitress at the Red Onion Bar,

Poe would have been forced to admit that the woman told him she had seen Boliou at the bar at about 9:00 p.m. on that day. He argues that this cross-examination was necessary to impeach Lieutenant Poe's earlier testimony on that point.

■ Sutton, however, was attempting to impeach Lieutenant Poe with another officer's field notes on what was a collateral matter which, as the trial court correctly ruled, was improper. A witness cannot be impeached by extrinsic evidence on a collateral matter. *See Teas* v. *State*, 23 Ark. App. 154, 744 S.W.2d 739 (1988). Sutton could easily have called the waitress as a witness on this point and, in fact, did so. There was no prejudice to Sutton. The trial court did not abuse its discretion in its ruling.

### III. OFFER OF IMMUNITY

■ Sutton next argues that an agreement was made with law enforcement officers not to charge him with a felon/firearm offense if he gave a statement. Because he gave the statement, the failure to honor that agreement, according to Sutton, should void the felon/firearm charge. In support of his argument, he cites us to *Davis* v. *State*, 275 Ark. 264, 630 S.W.2d 1 (1982), where we held that a confession induced by promises of immunity may be involuntary.

■ Sutton, however, has pursued the wrong remedy, as the trial court appropriately noted in denying the motion. His motion filed on August 26, 1991, the day of the trial, prayed that the felon/firearm charge be dropped rather than that the statement be ruled inadmissible. His remedy for an involuntary confession, however, was to have the statement suppressed. *Cf. Davis* v. *State, supra.* The trial court further observed that only prosecutors, not law enforcement officers, can drop charges, and that Sutton's attorney knew that. The evidence that Sutton possessed the pistol was ample apart from his statement. We cannot say that the trial court erred in its ruling on this point. *See Patterson* v. *State*, 306 Ark. 385, 815 S.W.2d 377 (1991).

### IV. MISCELLANEOUS

■ There was no error in three other points raised by Sutton. The trial court properly refused to allow the testimony of the waitress of the Red Onion Bar regarding the name of the man

who was with Boliou at the bar on either August 13 or August 14, 1990, between 6:30 and 7:00 p.m. The report of that name was hearsay. Moreover, by the description of the man from the waitress, it was clear to the jury that the man was not Sutton. Hence, there was no prejudice to the appellant.

■ At trial, Ruth Boliou, the widow of the victim, was called by Sutton as a witness, and she invoked the Fifth Amendment against self-incrimination. Sutton advances the theory that Mrs. Boliou should have had an attorney appointed for her which would have enabled him to question her about her husband's death. The theory has no merit. Mrs. Boliou was under suspicion by the authorities for the murder of her husband, according to her testimony. She was perfectly within her rights to seek Fifth Amendment protection. Sutton, in addition, offers no authority for why counsel must be appointed for Mrs. Boliou under these circumstances. *See Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

There is, finally, Sutton's argument that the trial court should have admitted into evidence a letter by Riggsbee's attorney to the prosecutor which, Sutton contends, was in the nature of a plea bargain for her hindering-apprehension charge. Alternatively, Sutton argues that he should have been allowed to use the letter to impeach Riggsbee's testimony that she had no deal with the state.

■ Sutton correctly maintains that Ark. R. Evid. 410 provides that evidence of an offer to plead guilty is not admissible against the person making the offer and that here the offer of proof is not made against that person. Nevertheless, the letter was clearly hearsay and was proffered to prove the truth of the assertions made in the letter. Refusing its admission into evidence as part of Sutton's case was appropriate.

■ Whether the letter should have been allowed for impeachment purposes against Riggsbee is a different matter. Kathy Riggsbee denied that she had entered into an agreement with the state. Sutton's counsel then tried to impeach her with her attorney's letter. The letter read in part: "If she cooperates with authorities, I would think a nolo plea and a probationary sentence would be generous to the prosecution." Had the letter indicated that a plea bargain agreement had actually been struck, it might

well have been admissible for impeachment purposes. *See Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983). Here, though, the letter from Riggsbee's counsel suggests little more than an effort to explore the potential for a negotiated plea. The trial court correctly ruled that the letter did not rise to the level of an agreement. We have upheld a trial court's ruling that when a plea agreement has been withdrawn, a witness may not be questioned about it. *See Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992). Similarly, in this case the letter did not evidence a consummated agreement or, indeed, a firm offer. We can observe no prejudice to Sutton emanating from the trial court's ruling on this point.

Reversed and remanded.

HAYS and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. I respectfully dissent. In *Ruiz & Van Denton* v. *State*, 273 Ark. 94, 617 S.W.2d 6 (1981), this court held that where criminal offenses constitute one criminal episode and when a series of acts are committed, that is enough to give the state a right to join them in a single information. *See also* ARCP Rule 21.1(b). The majority relies on Rule 22.2(a), which gives a defendant the absolute right of severance when the offenses have been joined *solely* on the ground that they are of the same or similar character. Here, the state's reason for joining Sutton's murder and felon/firearm charges was Sutton used a handgun to kill his victim, so much of the proof in proving both charges is the same. *See Brown* v. *State*, 304 Ark. 98, 800 S.W.2d 424 (1990).

Finally, the majority court seems concerned Sutton is wrongly prejudiced by his 1974 theft conviction being revealed to the jury in the same trial in which he is being tried for murder. Of course, under A.R.E. Rule 609(b), such conviction could not ordinarily have been used against him in his murder case. However, in the circumstances presented, Sutton, as a convicted felon, used a gun to commit murder. As a consequence, the felon/firearm violation is a current offense which makes his sixteen-year-old theft conviction relevant. I do not believe this is the type prejudice our severance rules protect against.

The trial court had discretion in my view to deny Sutton's

severance motion, and on the record provided this court in review, I cannot say the court abused its discretion.

HAYS, J., joins this dissent.