Betty Sue GRAY *v.* STATE of Arkansas

CR 94-803                                              888 S.W.2d 302

Supreme Court of Arkansas
Opinion delivered November 14, 1994

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Betty Sue Gray appeals her conviction for delivery of a controlled substance and contends that it was not supported by substantial evidence. There was substantial evidence of her guilt, and we affirm the judgment of conviction.

At the trial in April of 1994, an undercover agent and a confidential informant both testified that appellant sold crack cocaine to the agent in January of 1993. The agent and the informant, in describing the details of their meeting with appellant and purchasing the cocaine, differed in one detail. The confidential informant testified that he was in the agent's car when appellant sold the cocaine to the agent. The agent testified that this case was one of ten drug cases he was working in January 1993, but, according to his notes, the informant was not in the car at the time of the purchase. Appellant argues that the inconsistency in the testimony caused the evidence to be insufficient. She additionally argues that her identification was not sufficient because the police did not make a tape recording, photograph, or videotape of her selling the cocaine. Further, she contends the evidence is insufficient because the agent testified that he purchased the cocaine from someone named Sue Smith, not from appellant, Betty Sue Gray.

■■ The trier of fact alone determines the weight to be given the evidence, and it may reject or accept any part of that evidence. *Smith* v. *State*, 308 Ark. 390, 824 S.W.2d 838 (1992). In determining the weight to be given the evidence, the trier of fact must resolve any inconsistencies in the testimony. *McClure* v. *State*, 314 Ark. 35, 868 S.W.2d 103 (1993). Even if the jury chose not to believe any of the informant's testimony, the proof could have been sufficient because the uncorroborated testimony of one state's witness is sufficient to sustain a conviction. *Davis* v. *State*, 284 Ark. 557, 683 S.W.2d 926 (1985). The inconsistency in the testimony does not cause the proof to be insufficient as a matter of law.

■ The undercover agent testified unequivocally that appellant was the person who sold him the cocaine and that he knew her as Sue Smith. We have held that unequivocal testimony identifying an accused as the offender is sufficient to sustain the jury's conclusion that the person convicted was in fact the offender. *Luckey* v. *State*, 302 Ark. 116, 787 S.W.2d 244 (1990). Further, appellant admitted that her maiden name was Smith and that she uses Sue as her first name. From this the jury could have concluded that appellant used the name of Sue Smith in the drug transaction.

The direct evidence, and its reasonable inferences, were sufficient to sustain the judgment of conviction.

Affirmed.