O.C. RAWLS *v.* STATE of Arkansas

CR 96-322                                                937 S.W.2d 637

Supreme Court of Arkansas
Opinion delivered January 21, 1997

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. O.C. Rawls was convicted of delivery of cocaine and possession of marijuana. Ark. Code Ann. § 5-64-401 (Supp. 1995). He was sentenced as an habitual offender to imprisonment for sixty years on the delivery count and one year and a $1000 fine on the possession count. Defense counsel moved for a directed verdict at the conclusion of the State's evidence, citing inconsistencies and alleged deficiencies in the proof concerning delivery of cocaine and contending marijuana would not have been found but for the unproven allegation of delivery of cocaine. Mr. Rawls contends the Trial Court erred in overruling his directed-verdict motion. He also argues error in the Trial Court's allowance of cross-examination of a defense witness with respect to Mr. Rawls's past criminal history. We hold the evidence was sufficient to go to the jury and that the evidence of prior offenses was properly admitted into evidence in response to character evidence introduced by the defense.

Three undercover detectives drove to a corner where they were approached by Mr. Rawls. Detective Trotter testified that she asked him what he had, to which he replied asking what she needed. She said she needed a "twenty." Mr. Rawls handed her an off-white, rock-like substance, later identified as cocaine. She handed him a twenty-dollar bill.

After the three officers left, other officers with whom the three were in radio contact appeared and arrested Mr. Rawls on the basis of a description provided by Detective Trotter. They were unable to find the twenty-dollar bill but did find in Mr. Rawls's pocket a cigarette containing marijuana and cocaine.

## 1.  Sufficiency of the evidence

There was some confusion about the date of the transaction in the testimony of the detectives, and there was some variance in the descriptions they gave of the clothing Mr. Rawls wore on that date.

■ Inconsistencies in testimony do not cause proof to be insufficient as a matter of law.  *Gray v. State,* 318 Ark. 601, 602, 888 S.W.2d 302, 303 (1994).  We do not consider the evidence to be insufficient for presentation to a jury when there is "unequivocal testimony identifying an accused as the offender."  *Id.*  The testimony of one eyewitness is sufficient to sustain a conviction.  *Luckey v. State,* 302 Ark. 116, 118, 787 S.W.2d 244 246 (1990). Detective Trotter was an eyewitness whose testimony was indeed unequivocal in identifying Mr. Rawls as the person from whom she purchased the cocaine.  The other two detectives also positively identified Mr. Rawls as the person they saw sell the substance to Detective Trotter.

■ The evidence was sufficient to sustain the jury's verdict and the judgment with respect to the delivery conviction.  As the argument on the possession conviction seems to be based on the allegation that the delivery conviction was improper, and we hold to the contrary, we need not address the possession point further.

## 2.  Character evidence

Mr. Rawls presented testimony of a postman, Mr. Perkins, who delivered mail in the neighborhood where Mr. Rawls was arrested.  The apparent primary purpose of the testimony was to present an alibi, as the postman testified Mr. Rawls was walking with him on his route at the time the offense was alleged to have occurred.  In addition, however, Mr. Rawls's counsel asked Mr. Perkins if he had ever known Mr. Rawls to be in any trouble.  Mr. Perkins replied in the negative and said he was shocked by the allegation that Mr. Rawls had sold cocaine.  He opined that Mr. Rawls was a "nice, very intelligent young man."  The questions and responses clearly placed in issue the character of the accused.

*Clark v. State,* 292 Ark. 69, 73-74, 727 S.W.2d 853, 855 (1987); *Wilburn v. State,* 289 Ark. 224, 229, 711 S.W.2d 760, 762 (1986).

The prosecutor then asked Mr. Perkins if he knew of Mr. Rawls's past criminal history, to which Mr. Perkins replied equivocally but admitted he knew Mr. Rawls had been in trouble. Additional questions were asked whether knowledge that Mr. Rawls had been in serious trouble might change Mr. Perkins's opinion of Mr. Rawls to which he responded "not really" and pointed out that he might have a "different perspective."

■ As counsel's questions to Mr. Perkins placed the character of Mr. Rawls in issue, Ark. R. Evid. 404(a) permitted the State to offer other evidence of Mr. Rawls's character to rebut the character evidence offered by the defense. Evidence of an accused's character offered by the State is admissible under Rule 404(a) "to rebut character evidence offered by an accused." *Rank v. State,* 318 Ark. 109, 115, 883 S.W.2d 843, 846 (1994).

A criminal defendant who presents a character witness "opens the door which would otherwise be closed. If he wants us to know what his reputation is, we must be able to determine the witness' awareness of the relevant facts." *Reel v. State,* 288 Ark. 189, 191-92, 702 S.W.2d 809, 811 (1986). *See also Gooden v. State,* 321 Ark. 340, 342, 902 S.W.2d 226, 227 (1995).

Affirmed.