Derrick Lynell HARRIS *v.* STATE of Arkansas

CR 97-582                                    961 S.W.2d 737

Supreme Court of Arkansas
Opinion delivered February 5, 1998

*John L. Kearny*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Derrick Harris was charged in the February 19, 1996, shooting death of Jimmy Gathings, a Monticello used-car dealer. At the time of the incident, appellant was fifteen years old. Appellant was charged as an accomplice to capital murder and aggravated robbery. The State alleged that, while committing or attempting to commit robbery and in the course and in furtherance of that offense, appellant caused the death of Mr. Gathings under circumstances that manifested extreme indifference to human life.

At trial, the State called several witnesses, including two witnesses, Albert Lambert, Jr., and Jerry Majors, who each testified that he saw two men leaving the victim's office immediately after hearing shots. Both witnesses identified appellant as one of these two men, and they testified that appellant was carrying a gun when they saw him leaving.

The jury convicted appellant of both charges. The trial court fixed appellant's sentence at life imprisonment without parole for the capital-murder conviction, and merged the aggravated-robbery conviction with it. From these convictions, appellant brings this appeal.

On appeal, appellant raises a single point of error. He claims that the trial court erred in denying his motion for directed verdict. Appellant alleges that the State's evidence, particularly the testimony of Albert Lambert, Jerry Majors, and the victim's nephew, was so conflicting that it was insufficient to sustain a jury verdict of guilty. We hold that the evidence was sufficient to go to the jury, and we affirm.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Passley v. State*, 323 Ark. 301,

305, 915 S.W.2d 248, 250 (1996). In reviewing a denial of a motion for a directed verdict, we review the evidence in the light most favorable to the State, and it is permissible to consider only the evidence that supports the verdict. *Id.* Our test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Wilson v. State*, 320 Ark. 707, 709, 898 S.W.2d 469, 470 (1996). Evidence, whether direct or circumstantial, is substantial if it is of sufficient force that it would compel a conclusion one way or the other beyond speculation and conjecture. *Id.* We will affirm if there is any substantial evidence to support the verdict. *Id.*

Looking at the testimony of the State's two eyewitnesses, Mr. Lambert and Mr. Majors, each witness testified unequivocally that, after hearing "pow" or "banging" sounds, he saw appellant leave the victim's office with a gun at his side. Appellant contends that these witnesses were biased and unreliable and that their testimony should be discounted; however, the jury clearly did not believe appellant's version of the facts. Appellant points to inconsistencies in the testimony on such issues as whether Mr. Majors saw him come out of the building or around the building; however, neither witness wavered in his identification of appellant.

We do not attempt to weigh the evidence or pass on the credibility of witnesses. That duty is left to the trier of fact. *Mann v. State*, 291 Ark. 4, 7-8, 722 S.W.2d 266, 268 (1987). In *Rawls v. State*, 327 Ark. 34, 937 S.W.2d 637 (1997), the appellant similarly moved for a directed verdict at the end of the State's evidence on the basis of inconsistencies and deficiencies in the proof. We specifically stated that inconsistent testimony does not render proof insufficient as a matter of law. *Id.* at 36, 937 S.W.2d at 638. We further stated that one eyewitness's testimony is sufficient to sustain a conviction. *Id.* Resolution of issues of credibility and conflicting versions of facts rests with the trier of fact. *Wilson*, 320 Ark. at 709, 898 S.W.2d at 470.

In the instant case, any inconsistencies in the witnesses' testimony went to their credibility, and we will not invade the province of the jury in weighing their credibility. We conclude that the testimony of Mr. Majors and that of Mr. Lambert pro-

vided evidence of sufficient force to pass beyond speculation and conjecture, and therefore constituted substantial evidence to support the capital-murder and aggravated-robbery convictions.

Appellant raises the issue of sufficiency with regard to other pieces of evidence in his argument; however, we need only determine whether there was any substantial evidence to support the verdict. Having concluded that the foregoing evidence was sufficient, we affirm the trial court's decision.

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.