Ambrossial Odell ROSE and Percy Deshon
Johnson *v.* STATE of Arkansas

CA CR 00-227                                    35 S.W.3d 365

Court of Appeals of Arkansas
Division II
Opinion delivered December 20, 2000

*Danny R. Williams*, for appellants.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellants in this criminal case were charged with aggravated robbery and theft of property. After a jury trial, they were convicted of those offenses and sentenced to ten years' imprisonment. From that decision, comes this appeal.

For reversal, appellants contend that the trial court erred in denying their motion for a directed verdict; in denying their motion to dismiss the charges against them on speedy-trial grounds; in granting the State's motion *in limine* to bar testimony concerning the possible guilt of other persons; in rejecting as untimely appellants' *Batson* objection to the State's apparent racial motivation in peremptorily striking black jurors; in refusing to allow appellants to exclude a certain juror by peremptory challenge; and in refusing to submit the question of a witness's accomplice status to the jury. We reverse and remand.

██ ██ A motion for a directed verdict is a challenge to the sufficiency of the evidence. Consequently, we must first address this issue because the Double Jeopardy Clause precludes a second trial when a judgment of conviction is reversed for insufficient evidence. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984), *citing Burks v.*

*United States*, 437 U.S. 1 (1978). We disregard any alleged trial errors in determining the sufficiency question, because to do otherwise would result in avoidance of the sufficiency argument by remanding for retrial on other grounds. *Harris, supra.*

■ In reviewing the denial of a motion for a directed verdict, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict, and affirm if there is substantial evidence to support the verdict. *Harris v. State*, 331 Ark. 353, 961 S.W.2d 737 (1998). Evidence, whether direct or circumstantial, is substantial if it is of sufficient force that it would compel a conclusion one way or the other without recourse to speculation and conjecture. *Id.*

■ ■ In the present case, appellants' challenge to the sufficiency of the evidence is premised on their assertion that the State failed to corroborate the testimony of Torris Early, who was found by the trial court to be an accomplice as a matter of law. A conviction cannot be had in any case of felony upon the testimony of an accomplice unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. Ark. Code Ann. § 16-89-111(e)(1) (1987). The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. *Id.* The test for determining the sufficiency of corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Meeks v. State*, 317 Ark. 411, 878 S.W.2d 403 (1994).

Viewing the evidence, as we must, in the light most favorable to the State, the record reflects that, at approximately 11:30 p.m. on September 17, 1998, men wearing bandanas entered the Stax convenience store where Steven Satterfield was employed. One man was armed with a shotgun, and the other two men wielded pistols. One of the robbers demanded money from the cash register; three shots were fired in the store as Mr. Satterfield gathered the money, but no one was injured. As the three men fled the store, a man who had witnessed the robbery called 911 and reported that the robbers escaped in a white Hyundai vehicle. Soon thereafter, Torris Early was apprehended near the scene of the robbery driving a vehicle matching the description given by the witness. Early gave a state-

ment implicating the appellants and another man, Benjamin Adams. At trial, Early testified that he drove with the other three men to the convenience store and drove the get-away car after the other men committed the robbery.

Early's testimony was corroborated by that of Joseph Hargro, who testified that he was at Early's apartment on the night in question. Hargo stated that appellant Rose was armed with a shotgun, that Adams and appellant Johnson had pistols, and that they said that they were going to rob the Stax convenience store. Circumstantial evidence may be used to support accomplice testimony and, although it, too, must be substantial, the corroborating evidence need not be so substantial in and of itself to sustain a conviction. *Marta v. State*, 336 Ark. 67, 983 S.W.2d 924 (1999). We think that Mr. Satterfield's testimony corroborated Early's testimony by establishing the commission of the crime, and that Hargro's testimony provides substantial corroboration of Early's testimony by tending to connect appellants with the crime's commission. Consequently, we hold that the trial court did not err in denying appellants' motion for a directed verdict.

Next, appellants contend that the trial court erred in denying their motion to dismiss the charges against them on speedy-trial grounds. Arkansas Rules of Criminal Procedure 28.1(c) and 28.2(a) require the State to bring a defendant to trial within twelve months from the date the charge is filed in circuit court or, if the defendant has been lawfully set at liberty pending trial, from the date of arrest. When the defendant has shown that a trial is or will be held outside the applicable speedy-trial period, the State must show that the delay was the result of the defendant's conduct or was otherwise justified. *Scott v. State*, 337 Ark. 320, 989 S.W.2d 891 (1999). Delays resulting from continuances given at the request of the defendant are excluded from the period for a speedy trial. *Id.*

In the present case, appellants' argument hinges on the exclusion of a period for which appellants' prior trial counsel requested and obtained a continuance on the ground that she had inadequate time to prepare. Appellants' present attorney concedes that this continuance was granted at appellants' request, but argues that the trial judge continued the case for a longer period than was reasonably necessary, and that the continuance should in any event not have been granted because appellants' prior attorney failed to

show good cause for the delay. We cannot address this contention, however, because there was no objection to the asserted errors at the time appellants' requested continuance was granted. A defendant may not complain belatedly when a timely objection could have averted error, and we will not reverse an order tolling the speedy-trial period in the absence of an objection giving the trial court the opportunity to rule on the exclusion of the time period. *Burrell v. State*, 65 Ark. App. 272, 986 S.W.2d 141 (1999). Here, the time to object was at the time the trial court granted the requested continuance and ruled that the time would be chargeable to appellants, not in the subsequent speedy-trial motion, and this issue is therefore not preserved for appellate review. *See Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999).

Appellants next assert that the trial judge erred in granting the State's motion *in limine* to bar testimony concerning the possible guilt of a third person. The trial court ruled that appellants could not elicit any testimony to show that another person was guilty of the crime unless they could present evidence linking that third person to the actual perpetration of the crime. *See generally Rychtarik v. State*, 334 Ark. 492, 976 S.W.2d 374 (1998). At a bench conference, appellants' attorney asserted that there was certain circumstantial evidence linking Joseph Hargro to the perpetration of crime, including Hargro's departure from Early's apartment and brief detention following the robbery. However, although the trial court ruled that he would, at a more convenient time, permit a proffer of the circumstantial evidence that appellants could present on this issue, appellants failed to make a proffer. Because the sum and substance of the circumstantial evidence appellants would have offered regarding Hargro's asserted guilt is not apparent from the record, and because we are reversing and remanding for retrial on another point, we express no opinion on this issue.

Appellants further contend that the trial court erred in summarily rejecting their *Batson* challenge as untimely. We agree. The record shows that there were only four blacks in the venire. After the State struck the third of three blacks who were impaneled, appellants objected on the basis of *Batson v. Kentucky*, 476 U.S. 79 (1986), where the United States Supreme Court held that an appellant's conviction must be reversed if he establishes a *prima facie* case of purposeful discrimination in the State's employment of peremptory

strikes and the prosecutor does not come forward with a race-neutral explanation for his action.

The trial judge in the present case ruled that appellants' objection was untimely because they did not object when the first black juror was struck, and refused to require the State to offer a racially-neutral explanation for the strikes. The State concedes that the trial judge erred on this point, and that a *Batson* objection is timely so long as it is made before the jury is sworn. *See Heard v. State*, 322 Ark. 553, 910 S.W.2d 663 (1995). However, the State argues that this error was harmless because appellants' objection was based solely on the number of blacks struck, and that a movant cannot establish a *prima facie* case of discrimination on the basis of mere numbers alone. We disagree. The manner in which a defendant can make out a *prima facie case* under *Batson* is explained in *MacKintrush v. State*, 334 Ark. 390, 398, 978 S.W.2d 293, 296 (footnote omitted) (1998):

> The strike's opponent must present facts, at this initial step, to raise an inference of purposeful discrimination. According to the *Batson* decision, that is done by showing (1) that the strike's opponent is a member of an identifiable racial group, (2) that the strike is part of a jury-selection process or pattern designed to discriminate, and (3) that the strike was used to exclude jurors because of their race. In deciding whether a *prima facie* case has been made, the trial court should consider all relevant circumstances. Should the trial court determine that a *prima facie* case has been made, the inquiry proceeds to Step Two. However, if the determination by the trial court is to the contrary, that ends the inquiry.

We think that appellants met this burden by establishing that the prosecution struck three out of four blacks in the jury pool, and that the trial court therefore should have gone on to step two, in which the prosecution is required to provide a racially neutral explanation for the strikes. The facts of this case do not involve mere numbers. Although the fact that the State struck three blacks by peremptory challenge is arguably meaningless in isolation, in the present case those numbers are put into the context of percentages drawn from a statistical base large enough to be meaningful. The trial judge conceded that three of the four available blacks, *i.e.*, seventy-five percent of the potential black jurors and one hundred percent of the blacks actually impaneled, had been peremptorily struck by the State at the time the objection was made. We think

that this clearly constitutes a "relevant circumstance" that should have been considered by the trial judge, and we therefore cannot agree that the error was harmless.

Our resolution of the foregoing issue renders moot appellants' contention that the trial court erred in refusing to allow them to exclude a certain juror by peremptory challenge. Likewise, we need not address appellants' argument concerning the trial court's refusal to submit the question of Joseph Hargro's accomplice status to the jury because, in the absence of an offer of proof or proffer of the circumstantial evidence that appellants assert they were unable to introduce, the question is not ripe for decision at this time.

Reversed and remanded.

GRIFFEN and ROAF, JJ., agree.