Gary Ray DAVIS *v.* STATE of Arkansas

CA CR 04-1339                                    220 S.W.3d 248

Court of Appeals of Arkansas
Opinion delivered December 14, 2005

*F. Lewis Steenken*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman* Ass't Att'y Gen., for appellee.

O LLY NEAL, Judge. Appellant Gary Davis was found guilty of aggravated assault, a violation of Ark. Code Ann. § 5-13-204; felon in possession of a firearm, a violation of Ark. Code Ann. § 5-73-103; and use of a firearm in commission of a felony, a violation of Ark. Code Ann. § 16-90-120. He was sentenced to 120 months in the Arkansas Department of Correction. On appeal, appellant does not contest his aggravated-assault and felon-in-possession convictions. However, he does challenge his use of a firearm in the commission of a felony conviction. He specifically argues that "the trial court erred in instructing the jury as to the charge of use of a firearm in the commission of a felony when that [sic] underlying felony required use of a firearm as an element of the conviction." We affirm.

■ Appellant's argument on appeal is essentially a double-jeopardy argument. However, before reaching the merits of appellant's argument, we must first determine if it is preserved for appellate review. The State argues that appellant failed to raise a specific double-jeopardy argument below. The abstract indicates that appellant raised the following objection:

I object to Number 19 having to do with firearm enhancement. The primary element of the underlying aggravated assault is displaying a firearm. Enhancing that conviction enhances the punishment for what the legislature determined to be a Class "D" felony. You can't commit aggravated assault unless you display a firearm. The elements duplicate themselves. The firearm enhancement law should not be permitted to be used to enhance a crime that requires the use of a firearm in order to be committed.

Although appellant failed to specifically use the words "double jeopardy," his objection below was sufficient to preserve this matter for appeal.

■■ The double-jeopardy clause consists of several protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments of the same offense.

*Garrett v. State*, 347 Ark. 860, 866, 69 S.W.3d 844, 848 (2002) (quoting *Schiro v. Farley*, 510 U.S. 222 (1994)). A person commits

aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he either (1) purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person, or (2) purposely displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a) (Supp. 2005). Arkansas Code Annotated section 16-90-120 (1987) provides, in pertinent part:

> (a) Any person convicted of any offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

> (b) The period of confinement, if any, imposed pursuant to this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself.

Appellant specifically argues that, because displaying a firearm was a necessary element of his aggravated–assault conviction, section 16-90-120 should not have been applied to further enhance his sentence. Based upon our supreme court's recent decision in *Williams v. State,* 364 Ark. 203, 217 S.W.3d 817 (2005),[1] we hold that appellant's argument lacks merit. In *Williams,* upon looking at the clear language in section 16-90-120, the supreme court observed that the legislature intended for the section to serve as an enhancement of the original sentence

---

[1] In *Williams,* the appellant was convicted of aggravated robbery and sentenced to twelve years imprisonment. Section 16-90-120 was used to impose an additional five years' to the appellant's sentence, resulting in a total sentence of seventeen years' imprisonment. On appeal, the appellant in *Williams* argued that (1) the five-year sentence imposed on him for having used a firearm to commit aggravated robbery was forbidden by the plain meaning of Arkansas Code Annotated § 5-4-104(a) (Repl. 1997); and (2) five years of his seventeen-year aggregate sentence of imprisonment was illegal because it resulted from stacking a general statute imposing a sentence for use of a firearm to commit a felony offense onto the specific sentence enhancement for the use of a deadly weapon contained in the definition of aggravated robbery.

imposed for the crime upon which the defendant was convicted. The court reasoned that, where the stand-alone offense does not contain a separate enhancement provision, the legislature, by enacting section 16-90-120, gave the sentencing court discretion to enhance the sentence up to fifteen years when a firearm is employed in the commission of a felony.

■ We interpret the court's holding in *Williams* to mean that, when section 16-90-120 is used to enhance a defendant's sentence, the double-jeopardy clause is not offended. Therefore, we hold that the trial court did not err when it instructed the jury on the charge of use of a firearm in the commission of a felony when the underlying felony required the use of a firearm as an element of that offense. Accordingly, we affirm.

Affirmed.

GLOVER and VAUGHT, JJ., agree.