2009 Ark. App. 124

**Kyron Deandre WATKINS, Marcus Terrell Atkins, and Calvin Jemar Perry, Appellants,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–445.**

Court of Appeals of Arkansas.

Feb. 25, 2009.

Phyllis J. Lemons, Malvern, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., Little Rock, AR, for appellee.

M. MICHAEL KINARD, Judge.

On August 29, 2007, appellants were jointly tried before a jury on charges of first-degree battery, kidnapping, and pos-

session of a firearm by certain persons, along with the enhancement offenses of commission of a felony with a firearm and commission of a felony in the presence of a child.[1] Prior to the trial, counsel for appellants objected to the trial court's reading the commission-of-a-felony-with-a-firearm and commission-of-a-felony-in-the-presence-of-a-child enhancements to the jury. The trial court overruled the objection. Appellants also moved to sever the felon-in-possession-of-a-firearm charge, and the motion was denied. Watkins and Atkins made an objection to the sentencing enhancements being read to the jury prior to trial, which was overruled. During the trial, Perry moved for a mistrial following a question by the prosecutor to a witness, which was denied. At the close of the State's evidence, and again at the close of all of the evidence, counsel for appellants moved for directed verdicts, which were denied. After the verdicts were read, but prior to sentencing, appellants moved to have one of the firearm offenses removed, arguing that being sentenced on both constituted double jeopardy. The trial court denied this motion as well.

The jury found Atkins guilty of first-degree battery. Watkins and Perry were found guilty of second-degree battery. All three appellants were found guilty of kidnapping, being a felon in possession of a firearm, and use of a firearm in the commission of a felony. Perry was also found guilty of commission of a felony in the presence of a child. The jury sentenced Atkins to ten years' imprisonment on the first-degree battery charge. Watkins was sentenced to five years' imprisonment and Perry was sentenced to two years' imprisonment on the second-degree battery charge. All three appellants were sentenced to ten years' imprisonment on the

kidnapping charge and five years' imprisonment on the felon-in-possession-of-a-firearm charge. Perry was sentenced to an additional one year of imprisonment on the commission-of-a-felony-in-the-presence-of-a-child charge. The trial court added an additional fifteen years' imprisonment to the sentences of all three appellants for commission of a felony with a firearm and ordered that all of the sentences were to be served consecutively.

The charges against appellants stemmed from an incident that began on April 28, 2006. According to the alleged victim, Jason Bobo, he went to Watkins's home, where he met Perry and Atkins for the first time. When Watkins arrived at the home, he accused Bobo of being involved in an earlier burglary of the home. Bobo testified that, at that point, all three appellants pointed guns at him. Appellants then ordered Bobo to remove his clothes and bound him with his shoelaces. Bobo was then placed in a bathtub where, according to his testimony, appellants beat him with their hands and guns, kicked him, poured hot water on him, poured chemicals on him, forced him to drink an unknown substance, and burned him with a lighter and lit cigarettes. Bobo testified that the incident continued until the next day, when he was able to escape to a relative's home and contact the police.

### Denial of Motions for Directed Verdict

Preservation of Watkins's and Atkins's right against double jeopardy requires that we consider their challenges to the sufficiency of the evidence before we consider alleged trial error. *Grillot v. State*, 353 Ark. 294, 303, 107 S.W.3d 136, 141 (2003). Watkins and Atkins both argue on appeal that the trial court erred in denying their motions for directed verdict.

---

1. Appellants were originally charged with attempted capital murder and engaging in gang activity as well, but these charges were nolle prossed by the State.

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence, and will affirm a trial court's denial of the motion if there is substantial evidence, either direct or circumstantial to support the jury's verdict. *Coggin v. State*, 356 Ark. 424, 431, 156 S.W.3d 712, 716 (2004). Substantial evidence is defined as evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. *Id.*

■ Both appellants argue that the State did not produce substantial evidence that they were the ones who kidnapped and injured Bobo. They both state in their briefs that the only substantial evidence submitted by the State was the testimony of Bobo, which they characterize as "exaggerated and inconsistent." Notwithstanding appellants' characterization of the testimony, we find that Bobo's testimony stands as substantial evidence to support the jury's verdict. Our supreme court has held that the uncorroborated testimony of one state's witness can be sufficient to sustain a conviction. *Gray v. State*, 318 Ark. 601, 602, 888 S.W.2d 302, 303 (1994) (citing *Davis v. State*, 284 Ark. 557, 683 S.W.2d 926 (1985)). In *Gray*, an undercover agent and a confidential informant testified against the defendant. The supreme court stated that even if the jury had not believed the undercover agent's testimony, the testimony of the confidential informant alone would have been sufficient to support the defendant's conviction. *Id.*

Likewise, in this case, Bobo's testimony, if believed by the jury, would be sufficient to satisfy all of the statutory requirements for the offenses for which appellants were found guilty. Bobo specifically identified appellants as the ones who committed the acts to which he testified. In addition,

Bobo testified that both Watkins and Atkins were present and pointing guns at him while he was forced to undress and was bound. He also testified that both Watkins and Atkins caused injury to him while he was in the home. Given this testimony, the jury was not forced to speculate as to whom Bobo claimed kidnapped and injured him or as to whether the alleged acts occurred. Appellants' arguments are without merit.

### Refusal to Dismiss One of the Firearm Charges

■ Watkins and Atkins argue on appeal that it was error for the trial court to allow them to be tried on both felon-in-possession-of-a-firearm and commission-of-a-felony-with-a-firearm charges. They argue that a trial on both charges amounts to double jeopardy. We previously considered and rejected a similar argument in *Davis v. State*, 93 Ark.App. 443, 220 S.W.3d 248 (2005).

In *Davis,* the defendant argued on appeal that his convictions on charges of felon in possession of a firearm and commission of a felony with a firearm violated the double jeopardy clause of the United States Constitution. This court interpreted the supreme court's decision in *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005), to mean that when the commission-of-a-felony-with-a-firearm charge is used to enhance a defendant's sentence, the double jeopardy clause is not offended. 93 Ark.App. at 447, 220 S.W.3d at 250. Therefore, it was not error for the trial court to decline to dismiss one of the firearm charges.

### Denial of Motion for a Mistrial

■ All three appellants argue that the trial court erred by denying their motions for a mistrial. During the State's questioning of Perry, the prosecutor asked

the following question: "Well, what did you do down here when you were staying down here? Besides sell dope." Appellants argue that the prosecutor's implication that Perry sold drugs required the granting of a mistrial.

■ A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *Harrison v. State,* 371 Ark. 652, 269 S.W.3d 321 (2007). A circuit court has wide discretion in granting or denying a mistrial motion, and absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. *Id.*

■ As an initial matter, only Perry made the motion for a mistrial; the other appellants did not join in the motion. It is well established that we will not consider an argument for the first time on appeal. *Hutcherson v. State,* 74 Ark.App. 72, 77, 47 S.W.3d 267, 271 (2001). Therefore, Perry is the only one who can now raise the issue on appeal. We do not find error in the trial court's denial of Perry's motion for a mistrial. Immediately following the question by the prosecutor, the parties went into chambers, and the judge strongly warned the prosecutor against making any future similar statements. Back in court, the trial court admonished the jury to disregard the prosecutor's statement. There was other evidence introduced at trial, including Bobo's testimony and Perry's own testimony, indicating that Perry had a history of being involved with drugs. Therefore, any potential prejudice from the prosecutor's statement was properly remedied by the trial court.

*Sentencing on Enhancement Offenses*

■ All three appellants argue that the trial court erred in imposing the sentence on the enhancement offense of commission of a felony with a firearm instead of having the jury fix the punishment. The State argues that appellants failed to preserve the issue for appeal. We can find no evidence in the record that the appellants' argument was raised below. Prior to the trial, the following exchange took place between the trial court, counsel for Perry, and the prosecuting attorney:

MR. BRYANT: Speaking again of enhancements, one of those, and I think it's the Use of a Firearm During the Commission of a Violent Offense, I believe it is. It reads the Judge may sentence. It's not, it's enhancement only that the judge can make a finding. I make a motion that's unconstitutional because it's contrary to the sentencing provisions of the jury. The Arkansas scheme is the jury does the sentencing. And that is clearly not because that just gives the judge—the statute gives the judge the discretion to make that enhancement

THE COURT: Mr. Garrett, Mr. Easley, whichever one is going to respond.

MR. GARRETT: Judge, we have used that particular statute several times. In each case the jury is the one that has made the decision as to whether there will be an enhancement or not. I know that the statute says the judge can, but a judge can also regulate for the jury.

THE COURT: Do you have an instruction going to the jury on that offense?

MR. GARRETT: I have prepared one, yes.

THE COURT: That's what I'm going to do.

This exchange does not contain a clear objection and ruling as to the propriety of the trial court's imposing the enhancement

sentence. The following exchange between the trial court and counsel for the appellants makes it clear that none of them objected prior to sentencing to the trial court's imposing the sentence:

> THE COURT: Counsel, the Court will submit to the jury all the facts except for the count on the firearm charge. The Court's going to sentence on the firearm charge. I'm not submitting that to the jury. Any objection? Statutorily that's what I'm supposed to do. Anything else we need to deal with?

> MR. BRYANT: No, Your Honor.

> MR. CRAIN: No.

> MS. LEMONS: No, Your Honor.

Appellants had a clear opportunity to object, and failed to do so.

■■■ Perry argues that the sentence was void or illegal, and can thus be considered for the first time on appeal. However, pursuant to Arkansas Code Annotated section 5–4–103 (Repl.2006), the trial court can fix punishment when the prosecution and the defense agree that the court may fix punishment. By failing to object when given the opportunity, appellants indicated their agreement with the trial court's fixing the punishment. Therefore, the sentence imposed by the trial court was not void or illegal, as it was specifically allowed by statute. Appellants were required to raise this issue at trial in order to preserve it for appeal. Their failure to do so precludes this issue from our review. Although we cannot address the trial court's imposition of the additional sentences in this case, we note that it is generally improper for the trial court to sentence on the enhancement provision in place of the jury, pursuant to our decision in *Watson v. State*, 71 Ark.App. 52, 26 S.W.3d 588 (2000), in which we held that the trial judge lacked the authority to enhance the defendant's sentence because the defendant was tried by a jury. *Id.* at 57, 26 S.W.3d at 591.

### Reading of the Enhancement Offenses to the Jury

■■■ Watkins and Atkins both argue that the trial court erred by reading the enhancement offenses of commission of a felony with a firearm and commission of a felony in the presence of a child to the jury prior to the trial. The trial court read the enhancements to the jury at the opening of the voir dire examination. Arkansas Rule of Criminal Procedure 32.2 states, in relevant part, that "the judge shall initiate the voir dire examination by (i) identifying the parties; and (ii) identifying the respective counsel; and (iii) revealing the names of those witnesses whose names have been made known to the court by the parties; and (iv) briefly outlining the nature of the case." The extent and scope of voir dire examination is within the sound discretion of the circuit judge, and the latitude of that discretion is wide. *Isom v. State*, 356 Ark. 156, 171, 148 S.W.3d 257, 267 (2004). The purpose of voir dire examination is to discover if there is any basis for challenges for cause and to gain knowledge for the intelligent exercise of peremptory challenges, not to attempt to commit the jury to a decision in advance. *Id.* at 173, 148 S.W.3d at 268.

Both Watkins and Atkins argue that it was prejudicial for the trial court to read the enhancements to the jury prior to voir dire. We disagree. Unlike the felon-in-possession-of-a-firearm charge, which was not read to the jury by the trial court, and which would have given the jury prior notice of a felony conviction, the enhancement charges did not give the jury any potentially prejudicial information about appellants. The reading of those enhancements gave the prospective jurors knowledge as to the nature of the offenses al-

leged, which is necessary for them to have in order for voir dire to be properly conducted. Contrary to Atkins's argument, the reading of the enhancements did not serve to bolster the other charges because it still left the State with the same burden to prove the individual elements of the felony offenses alleged before the enhancements could be considered. In any event, the jury would have had the same information prior to the termination of the guilt phase of the trial anyway because they received the required jury instructions on the enhancement offenses. We find no error by the trial court on this point.

### Refusal to Sever the Felon in Possession of a Firearm Charge

 Atkins argues that the trial court erred in refusing to sever the felon-in-possession-of-a-firearm charge from the other charges. A defendant has a right to a severance when two or more offenses have been joined solely on the ground that they are of the same or similar character. *Brown v. State*, 304 Ark. 98, 99, 800 S.W.2d 424, 425 (1990). Otherwise, granting or refusing a severance is within the discretion of the trial court and the decision by the trial judge will not be disturbed absent an abuse of discretion. *Id.* A severance motion may be denied if the two offenses were part of a single scheme or plan or if both offenses require the same evidence. *Id.*

 While it does not appear that the two offenses were joined solely on the ground that they were of the same or similar character, we believe that refusing to sever the charges was error in this case because the two charges are not part of the same scheme nor do they require the same evidence. In addition to error, appellants must show some form of prejudice before we can disturb a ruling of the trial court. *Smith v. State*, 307 Ark. 223, 226, 818 S.W.2d 945, 947 (1991). Our supreme

court has declined to conclude that the joinder of a felon-in-possession-of-a-firearm charge along with another felony charge constitutes prejudice by that fact alone in all instances. *Sutton v. State*, 311 Ark. 435, 441, 844 S.W.2d 350, 354 (1993). Instead, such cases are to be examined individually to determine if the presumption of prejudice has been overcome and whether the trial court abused its discretion.

In *Sutton*, the supreme court found that the presumption of prejudice was not overcome because the evidence of guilt was weak, the prior felony was not admissible for the purposes of impeachment, and the error was not cured by the instruction on the prior conviction and credibility at the end of the trial. *Id.* We believe that this case is distinguishable from *Sutton*.

In this case, there is direct evidence of appellants' guilt in the form of testimony from Bobo. In addition, there is circumstantial forensic evidence that supports Bobo's testimony. Therefore, we do not see the evidence of guilt as "weak" as to either defendant. In this case, the prior convictions of Watkins and Atkins were certainly admissible for the purpose of impeachment, and appellants voluntarily took the stand, with no indication that they felt forced to do so by the inclusion of the felon-in-possession-of-a-firearm charge. In addition, the trial court instructed the jury that it was not to consider evidence of a conviction of a prior felony as proof of guilt on the charges in this case. Therefore, the error by the trial court was not prejudicial to appellants.

Affirmed.

VAUGHT, C.J., and GLADWIN, J., agree.