

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-807

|  |  |
|---|---|
| TEARBREY RASHAD ANDERSON AND ZAYZHON THOMPSON<br><br>APPELLANTS<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 10, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-15-814]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellants Tearbrey Anderson and Zayzhon Thompson appeal their convictions by a Pulaski County Circuit Court of six felony offenses[1] and six counts of the firearm enhancement codified in Arkansas Code Annotated section 16-90-120 (Repl. 2011).[2] On appeal, they raise only one argument for reversal: that the firearm-enhancement statute is a lesser-included offense of any crime for which use of a firearm is an element, thereby making their sentences for both the underlying felonies and the firearm enhancements illegal. Because appellants admittedly failed to raise this argument below, and because their sole point on appeal is more accurately understood as a double-jeopardy challenge than as a challenge to an illegal sentence, it is not preserved for our review.

---

[1]Each appellant was convicted of one count of Class Y aggravated burglary, two counts of Class Y aggravated robbery, one count of Class B theft of property, and two counts of Class D terroristic threatening.

[2]Anderson also received a habitual-offender enhancement. Thompson received an aggregate sentence of twenty years, and Anderson received an aggregate sentence of thirty years.

SLIP OPINION

This court views an issue of a void or an illegal sentence as being an issue of subject-matter jurisdiction, in that it cannot be waived by the parties and may be addressed for the first time on appeal. *Walden v. State*, 2014 Ark. 193, at 3–4, 433 S.W.3d 864, 867 (citing *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008); *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992)). A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Walden*, 2014 Ark. 193, at 3–4, 433 S.W.3d at 867 (citing *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895). In *Cook v. State*, we explained that "an 'illegal sentence' means 'a sentence illegal on its face.'" 46 Ark. App. 169, 173, 878 S.W.2d 765, 767 (1994) (citing *Lovelace v. State*, 301 Ark. 519, 785 S.W.2d 212 (1990)). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Akins v. State*, 2014 Ark. 393, at 4, 441 S.W.3d 19, 21. If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam).

Although they admit that they never raised this issue below, appellants argue that they should be permitted to raise, for the first time on appeal, the contention that their convictions for felonies involving the use or possession of a firearm (aggravated burglary and aggravated robbery), combined with the application of a firearm enhancement to each of those counts, violates Arkansas Code Annotated section 5-1-110 (Repl. 2013), which states that a defendant cannot be convicted of both a criminal offense and a lesser-included offense of that crime. Their argument fails for two reasons. First, it is not an attack on an illegal sentence but rather a double-jeopardy challenge, and therefore it is not preserved for our review. Additionally, this argument has already been directly addressed and rejected. *Scott v. State*, 2011 Ark. App. 296, at 8–9; *see also Williams v. State*, 364 Ark. 203, 208–10, 217 S.W.3d 817, 820–21 (2005); *Davis v.*

*State*, 93 Ark. App. 443, 220 S.W.3d 248 (2005). In *Scott*, the appellants argued that "because the aggravated robbery and the felony-firearm enhancement statutes require exactly the same proof, they may not be convicted under both provisions, according to section 5-1-110(b)(1)." 2011 Ark. App. 296, at 7. This is exactly the argument Anderson and Thompson attempt to raise in the present case. Although, here, appellants frame their argument here as a challenge to an illegal sentence, it is not. The substance of their argument is that the firearm enhancement is a lesser-included offense of aggravated robbery and aggravated burglary. These are not issues that are apparent on the face of the sentence and do not relate to whether the sentence exceeded the statutory maximum. Instead, the *Scott* court understood this argument to be a double-jeopardy challenge and rejected it on its merits. In *Scott*, we held,

> Contrary to appellants' argument, the firearm enhancement under section 16-90-120 is not a substantive criminal offense; rather, it is a sentencing enhancement specifically intended to provide additional punishment for the use of a firearm during the commission of the underlying felony itself. Thus, the enhancement provision does not violate section 5-1-110(a)'s proscription against being convicted of more than one "offense" under the circumstances set out in the statute, and appellants' double-jeopardy rights were not violated. We affirm.

2011 Ark. App. 296, at 9.

Appellants' argument is not properly framed as a challenge to an illegal sentence, meaning that it is unpreserved for our review. Moreover, the underlying issues have been directly considered and rejected by this court in *Scott*, and we decline to revisit that holding.

Affirmed.
GRUBER, C.J., and GLADWIN, J., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.