LARRY D. VAUGHT, Judge
Cody Lamar Hall appeals his conviction by a Garland County jury of negligent homicide. His only argument on appeal is that the court violated his right to a bifurcated trial by denying his request to strike the word "feloniously" from the criminal information read to the jury. We affirm.
Hall was charged with negligent homicide based on the State's allegation that, at approximately 4:30 a.m. on January 5, 2015, the car Hall was driving veered over the center line of the road and collided head-on with an oncoming vehicle, causing the death of Jesse Wehling.[1] The Garland County Circuit Court held a jury trial on May 22, 2017. At the outset of trial, in a hearing in chambers, the defense objected to the court's standard practice of reading the criminal information to the jury, specifically the inclusion of the word "feloniously" to describe Hall's behavior. Hall argued that using the word "feloniously" would impermissibly indicate to the jury the possible sentencing range for the crime during the guilt phase of the proceedings, in violation of his statutory right to a bifurcated trial pursuant to Arkansas Code Annotated section 16-97-101 (Repl. 2016). The court disagreed, stating that it had to inform the jury of the crimes with which Hall was charged.
The court then read the charges in open court, prefacing each by saying that "[t]he defendant is charged ... with" before reading each count of the information. The court stated,
You are advised that what I have just read is an Information. An Information is [the] method by which a person is brought to trial. It is not evidence of guilt and must not be taken as such by you if you are selected as a juror. It is merely a step in the process of going to trial. The law presumes every person is innocent unless and until his guilt is established beyond a reasonable doubt. Are you and each of you willing and able to give the Defendant the benefit of a *401 doubt throughout the trial until and unless it is overcome?
The jury found Hall guilty of negligent homicide, a Class B felony, and not guilty of battery in the second degree. Hall was sentenced to seven years' imprisonment in the Arkansas Department of Correction, and he filed a timely notice of appeal.
The purpose of voir dire is not to attempt to commit the jury to a decision in advance but to discover any basis for either party to exercise their for-cause and peremptory challenges. Watkins v. State , 2009 Ark. App. 124, at 9, 302 S.W.3d 635, 641. We have previously acknowledged that in order for voir dire to be properly conducted, prospective jurors must be informed of the nature of the alleged crimes. Id. at 10, 302 S.W.3d at 641-642. Rule 32.2(a)(iv) of the Arkansas Rules of Criminal Procedure states that the court will initiate voir dire by "briefly outlining the nature of the case." Ark. R. Crim. P. 32.2(a)(iv) (2017).
The extent and scope of voir dire is within the sound discretion of the court. Watkins , 2009 Ark. App. 124, at 9, 302 S.W.3d at 642. "The latitude of that discretion is wide." Id. , 302 S.W.3d at 641 (citing Isom v. State , 356 Ark. 156, 171, 148 S.W.3d 257, 267 (2004) ). We will not reverse a circuit court's decision regarding voir dire absent a clear abuse of discretion. Gay v. State , 2016 Ark. 433, at 9, 506 S.W.3d 851, 858. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. Id. , 506 S.W.3d at 858.
Hall's sole argument on appeal is that the circuit court violated his right to a bifurcated trial pursuant to Arkansas Code Annotated section 16-97-101 (Repl. 2016) when it included the word "feloniously" in its description of the charges read during voir dire. He argues that the word "feloniously" indicates that the alleged crime is a felony and that felonies are differentiated from misdemeanors based on the length of potential imprisonment, so the court's instruction improperly indicated to the jury the potential sentencing range during the guilt phase of the proceedings.
We disagree. First, it is a stretch to assume that jurors would infer a specific sentencing range from the use of the word "feloniously" in describing the charges against Hall. Moreover, our rules of criminal procedure require the court to advise the jury of the nature of the crime. Ark. R. Crim. P. 32.2(a)(iv) (2017). In Watkins , 2009 Ark. App. 124, at 9, 302 S.W.3d at 641, we upheld a circuit court's reading of enhancement offenses during voir dire that clearly indicated the defendant was charged with a felony. In Watkins , the court advised the jury that Watkins was charged with enhancement offenses for "commission of a felony with a firearm" and "commission of a felony in the presence of a child." 2009 Ark. App. 124, at 9, 302 S.W.3d at 641. We explained that reading the enhancement charges to the jury during voir dire was not unduly prejudicial because, unlike a felon-in-possession charge, which would notify the jury that the defendant had previously been convicted of a felony, the enhancement charges only informed the jury of the nature of the allegations in the present case. We stressed in Watkins that the State still bears the burden of proving those charges beyond a reasonable doubt, and the circuit court in the present case admonished the jury that "[an information] is not evidence of guilt and must not be taken as such."
Based on our standard of review, we cannot reverse unless the circuit court abused its discretion by acting arbitrarily or groundlessly. Gay , 2016 Ark. 433, at 9, 506 S.W.3d at 858. Here, the court considered the issue, decided it was necessary to *402 inform the jury of the nature of the charges as required by Rule 32.2, and provided a cautionary statement after reading the information so as to limit any prejudice. We see no abuse of discretion and affirm.
Affirmed.
Abramson and Glover, JJ., agree.

Because Hall does not challenge the sufficiency of the evidence against him, we need not discuss in detail the evidence presented at trial.